UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KHYREL WARE,

                              Plaintiff,

          v.                                                       9:24-CV-0187 (GTS/ML)

DR. JOHN DOE,

                              Defendant.
_____

APPEARANCES:

KHYREL WARE
Plaintiff, Pro Se
20-A-0725
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

      Plaintiff Khyrel Ware, proceeding pro se in this 42 U.S.C. § 1983 ("Section 1983") civil rights action, alleges wrongdoing while he was incarcerated at Mid-State Correctional Facility. Dkt. No. 1 ("Complaint"). By Decision and Order entered on April 12, 2024, the Court dismissed certain claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, and found that plaintiff's Eighth Amendment medical indifference claim against Dr. John Doe survived sua sponte review. Dkt. No. 8 ("April 2024 Order"). Because service could not be effectuated on the "Doe"

defendant, the Court directed the Clerk to send a copy of the Complaint and April 2024 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full name of the "Doe" defendant. *Id*. at 23-25.

On May 6, 2024, an Assistant Attorney General from the New York State Attorney General's Office filed a letter in an effort to assist plaintiff with identifying the "Doe" defendant. *See* Dkt. No. 12 ("Status Report").

By Text Order filed on May 16, 2024, plaintiff was directed to review the Status Report and, to the extent he was able to do so, submit a proposed amended complaint within thirty (30) days which substitutes named defendant in place of the "Doe" defendant. *See* Dkt. No. 13 ("May 2024 Text Order").[1] Plaintiff was further advised that "his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a)." *Id*.

More than sixty (60) days has passed since the entry of the May 2024 Text Order, and plaintiff has failed to submit a proposed amended complaint or seek an extension of time to do so. Plaintiff did, however, file a notice of change of address shortly after the May 2024 Text Order was issued. *See* Dkt. No. 14.

An action cannot proceed until the completion of service, and unidentified defendants cannot be served. While it is the Court's obligation to assist with service when a pro se

---

[1] In an effort to assist plaintiff in drafting the proposed amended complaint, the Clerk was directed to send him a copy of his Complaint. *See* May 2024 Text Order.

2

prisoner is proceeding in forma pauperis,[2] as in this case, the Court cannot do so unless and until the pro se prisoner has provided the required documents. *See Carpio v. Luther*, No. 06-CV-0857, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009) (acknowledging the Court's "obligation to assist a pro se incarcerated litigant . . . to cause the summons and complaint to be served" but noting further that "the plaintiff nonetheless retains the obligation to provide the necessary information" for this to occur).[3]

Moreover, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).[4] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).[5]

---

[2] *See* Fed. R. Civ. P. 4(c)(3) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."); *see also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996) ("By granting Wright leave to pursue his § 1983 claim in forma pauperis, Magistrate Smith shifted the responsibility for serving the complaint from Wright to the court."); *Kavazanjian v. Rice*, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005) (noting that "[f]or plaintiffs proceeding in forma pauperis . . ., the U.S. Marshal's Office—not the plaintiff—is primarily responsible for effecting service.").

[3] Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, in the absence of a showing of good cause, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

[4] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[5] Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980). The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest

Because plaintiff is proceeding pro se, and has raised concerns with access to his personal property in his most recent filing, *see* Dkt. No. 14, the Court will afford him a final opportunity to comply with the May 2024 Text Order, or explain why he is unable to do so. In the event plaintiff fails to comply with this Decision and Order within thirty (30) days, this action will be dismissed without prejudice without further Order of the Court pursuant to Fed. R. Civ. P. 4(m), 41(b) and N.D.N.Y. L.R. 41.2(a).

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff must, **within thirty (30) days** of the filing date of this Decision and Order, review the Status Report (Dkt. No. 12) filed by New York State Attorney General's Office and, to the extent that he is able to identify the remaining "Doe" defendant based on the submission, submit an amended complaint substituting the named defendant in place of the "Doe" defendant;[6] and it is further

**ORDERED** that, in the event plaintiff is unable to comply with this directive, he must advise the Court of this within **thirty (30) days** of the date of this Decision and Order, and provide an appropriate explanation; and it is further

**ORDERED** that in the event plaintiff fails to timely comply with this Decision and Order, this action will be **dismissed without prejudice without further Order of this Court** and the Clerk shall close the case; and it is further

---

in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

[6] In the event plaintiff seeks to substitute the named defendant in place of the unnamed defendant without any further changes to the Complaint, he may do so by handwriting the defendant's name in place of unnamed defendant in the appropriate locations throughout the Complaint. Once plaintiff has made these changes, captioned the document as his amended complaint, and signed and dated the proposed pleading, he should submit it to the Court for review.

**ORDERED** that upon plaintiff's compliance with this Decision and Order, this matter shall be returned to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff, along with a copy of the docket sheet, the Complaint, the April 2024 Order, the Status Report, and the May 2024 Text Order.

**IT IS SO ORDERED**.

Dated: August 30, 2024
      Syracuse, NY

*/s/ Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge